Lisa **ARBERCHESKI**, Plaintiff–Appellee,

v.

**ORACLE CORPORATION,**
Defendant–Appellant.

No. 06–3472–cv.

United States Court of Appeals,
Second Circuit.

March 19, 2007.

Mark McEldowney Whitney, Morgan, Brown & Joy, LLP Boston, MA, for Appellant.

Alan Neil Magenheim, Magenheim & Associates, Houston, TX, for Appellee.

Present: ROSEMARY S. POOLER, PETER W. HALL, Circuit Judges, LEONARD B. SAND,* District Judge.

*The Honorable Leonard B. Sand, United States District Judge for the Southern District

## SUMMARY ORDER

Defendant-appellant Oracle Corporation ("Oracle") brings this interlocutory appeal pursuant to the Federal Arbitration Act, 9 U.S.C. § 16(a), from the District Court's June 26, 2006 order denying Oracle's motion to compel arbitration and to dismiss the action. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Plaintiff-appellee Lisa Arbercheski ("Arbercheski") argues here, as below, that defendant-appellant waived its right to enforce an agreement to arbitrate all claims related to her employment with Oracle and that enforcing the arbitration agreement would prejudice her. The district court found that because of Oracle's neglect of its right to arbitration, "Arbercheski has successfully litigated substantive issues and spent time and effort advancing her case in a judicial forum," *Arbercheski v. Oracle Corp.*, No. 05 Civ. 0591, 2006 WL 1738046 at *2, 2006 U.S. Dist. LEXIS 42602 at *6 (S.D.N.Y. June 26, 2006), and held that this was sufficient under this circuit's waiver analysis to deny Oracle's motion. *See Thyssen, Inc. v. Calypso Shipping Corp., S.A., A.M.*, 310 F.3d 102, 104–05 (2d Cir.2002).

After reviewing the briefing of the issue on appeal and hearing oral argument, we find that the record leaves unanswered questions which may be critically relevant to the appropriateness of the district court's denial of the motion to compel arbitration. These questions include, but are not limited to, whether the case was in fact ready for trial when the motion to compel arbitration was made; the precise nature and extent of the prejudice to the plaintiff implicated by the delay; and the extent, if any, to which appellee's pro se status was

of New York, sitting by designation.

a factor in the determination of prejudice. In order to facilitate the creation of a record on these issues, we direct the district court to grant reconsideration of the motion to compel arbitration and allow the parties to raise these and other issues that they believe are appropriate for the court's determination. After the district court has made the required findings, either party may restore jurisdiction to this Court by notifying the Clerk of this Court by letter that the finding has been made, and the returned appeal will be assigned to this panel. An additional notice of appeal will not be needed. *See United States v. Jacobson*, 15 F.3d 19, 21–23 (2d Cir.1994).

Accordingly, for the reasons set forth above, this issue is **REMANDED** to the district court for further proceedings consistent with this opinion.