Lisa ARBERCHESKI, Plaintiff–Appellee,

v.

ORACLE CORPORATION, Defendant–Appellant.

No. 06–3472–cv.

United States Court of Appeals, Second Circuit.

March 18, 2009.

Mark McEldowney Whitney, Morgan, Brown & Joy, LLP Boston, MA, for Appellant.

Alan Neil Magenheim, Magenheim & Associates, Houston, TX, for Appellees.

Present: ROSEMARY S. POOLER, PETER W. HALL, Circuit Judges, LEONARD B. SAND,* District Judge.

### SUMMARY ORDER

This case returns to this Court pursuant to *United States v. Jacobson*, 15 F.3d 19, 21–23 (1994), having been remanded to the district court by summary order for more detailed findings relevant to the appropriateness of the district court's denial of Defendant-appellant Oracle Corporation's ("Oracle") motion to compel arbitration. *See Arbercheski v. Oracle Corporation*, 222 Fed.Appx. 49 (2d Cir.2007). The district court denied the motion on the ground that Oracle waived its right to arbitration. *Arbercheski v. Oracle Corp.*, No. 05 Civ. 0591, 2006 WL 1738046, at *2–3, 2006 U.S. Dist. LEXIS 42602, at *6 (S.D.N.Y. June 26, 2006). In our summary order, we asked the district court to address some "unanswered questions" bearing on the issue of prejudice. *See Arbercheski*, 222 Fed. Appx. at 50–51. The district court has made the findings called for in our mandate such that the record is now sufficient for a ruling on the propriety of the district court's denial of Oracle's motion to compel arbitration. We assume the parties' familiarity with the facts and specification of issues on appeal.

The district court properly found that Oracle's eleven-month delay between the commencement of litigation and filing of the motion to compel arbitration is significant, and that the amount of litigation, including a Federal Rule of Civil Procedure 12(b)(6) motion that resulted in the dismissal of several claims, and participation in discovery, a failed mediation, and a scheduling conference, demonstrates a substantial commitment to the judicial forum. The remaining question is whether Arbercheski has been prejudiced. *See Thyssen, Inc. v. Calypso Shipping Corp., S.A., A.M.*, 310 F.3d 102, 105 (2d Cir.2002) ("The key to a waiver analysis is prejudice.").

The district court found the following facts to support prejudice: the substantial litigation in the judicial forum, Oracle's early notice of the arbitration clause, the costs to Arbercheski of proceeding in the judicial forum pro se including but not limited to her compliance with discovery obligations that could be more extensive than in arbitration, and Oracle's willingness to reap the benefits of judicially-su-

---

* The Honorable Leonard B. Sand, United States District Court for the Southern District of New York, sitting by designation.

pervised discovery and motion practice while Arbercheski was pro se but not after she was represented by counsel. We find the particular circumstances of this case—a dispositive motion resulting in dismissal of several of a pro se litigant's claims that were covered by the arbitration clause, *cf. Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir.1985), a party's obtaining the benefits of pretrial discovery that were likely unavailable during arbitration, *see, e.g., Cotton v. Slone*, 4 F.3d 176, 180 (2d Cir.1993), and the costs borne by Arbercheski while proceeding as a pro se plaintiff—show sufficient prejudice resulting from Oracle's late attempt at initiating arbitration to conclude that Oracle has waived its right to arbitration.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.